UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELLA ANDERSON,

                                              Petitioner,

     v.                                                     **DECISION AND ORDER**
                                                             20-CV-828-A
                                                             18-CR-71-A

UNITED STATES OF AMERICA,

                                              Respondent.
_____

Before this Court is Petitioner Ella Anderson's *pro se* motion to correct, vacate, and/or set aside sentence, pursuant to Title 28, United States Code, Section 2255. Dkt. #93.[1] In her motion which was filed on June 29, 2020, Anderson's sole contention is that her counsel at the plea colloquy and sentencing was ineffective because counsel incorrectly informed Anderson that she was eligible for a reduction in sentence upon completion of the Bureau of Prison's ("BOP") Residential Drug Abuse Program ("RDAP"). For the reasons which follow, Anderson's motion is denied.

**I.    Background**

On March 20, 2018, a grand jury indicted Anderson charging her with violating Title 18, U.S.C. §§ 922(g)(1) and 924(c)(1)(a)(i), and Title 21, U.S.C. §§ 846, 841(a)(1) (4 counts), and 856. Dkt. #5. On February 20, 2019, Anderson, pursuant to a written plea agreement, Dkt. #57, pleaded guilty to Counts 1 (cocaine base conspiracy) and 9 (felon in possession of a firearm). On July 2, 2019, this Court sentenced Anderson

---

[1] References herein, unless otherwise indicated, are to documents filed on this Court's Docket in case 18-CR-71-A.

1

principally to 78 months imprisonment, a 4-year term of supervised release, and recommended the while incarcerated that she be permitted to participate in the Residential Drug Abuse Program ("RDAP"). Dkt. #85.  According to the BOP website, Anderson was released from custody on April 3, 2023.

II.     Analysis

Anderson's sole contention in her bare bone §2255 motion is that her attorney was ineffective because such attorney incorrectly informed her that she was eligible for a reduction in sentence upon completion of the BOP's RDAP and that as a result she was "misadvised" and "relied" misrepresentations of her attorney. Dkt. #93, p. 5. Construing Anderson's submissions "liberally" and interpreting them so as "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), this Court reads Anderson claim as suggesting that her attorney's performance rendered her plea unknowing and involuntary. In assessing such a claim, however, this Court is "entitled to rely upon the defendant's sworn statements, made in open court," at the time of the plea colloquy.  *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001).

Anderson's argument runs counter to her written plea agreement with the government and the sworn testimony she gave at her change of plea hearing.  In that regard, Anderson's written plea agreement advised her of the maximum penalties she faced at sentencing. Dkt. #57, at ¶¶ 1-3.  In addition, the plea agreement also contained a detailed explanation of the parties' understanding of

2

Anderson's exposure under the Guidelines for the crimes to which she agreed to plead guilty. Dkt. #57 at ¶¶6-12. Pursuant to the terms of the plea agreement, the parties contemplated that Anderson's U.S.S.G. Guidelines range was a period of 97 to 121 months. Dkt. #57 at ¶12. Furthermore, in the plea agreement, Anderson agreed not to challenge any sentence of imprisonment that fell within or below the estimated range. Dkt. #57 at ¶¶ 19-21.

Specifically, the defendant agreed:

> 19. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, [*i.e.,* 97 to 121 months] notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.
>
> 20. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

Dkt. #57. at ¶¶ 19-20.

Finally, in signing the plea agreement, Anderson disclaimed that any other promises or understandings existed except for those described in the plea agreement. Dkt. #57 at p. 13; *see also*, Dkt. #97, pp. 22-23. Nothing in the calculation of the Guidelines range made any reference to a possible sentence reduction or the defendant's eligibility to participate in RDAP.

3

Additionally, during the plea colloquy, the Court placed Anderson under oath and asked her numerous questions regarding her satisfaction and communication with her attorney, and her understanding of the plea proceedings:

| | |
|---|---|
| The Court: | It's also very important you understand what your rights are. If at any time during the course of these proceedings there's something you do not understand, you want to ask me a question, you want to consult with your attorney, you want something more fully explained to you, you're free to do so. You're encouraged to do so. It's not important that we get this over with quickly as possible. What's important is that I'm satisfied that you fully understand what all your rights are. Do you understand that? |
| The Defendant: | Yes. |

. . .

| | |
|---|---|
| The Court: | Now, ma'am, you've discussed this whole matter with your attorney. He's explained to you what your legal rights are, what your legal options are. You may not have liked to hear what he had to tell you, but he's not there to make you feel good. He's there to be your counsel. And apparently, based on those discussions, you're here today to waive certain rights and to plead guilty to these two charges under the terms and conditions of the plea agreement. Are you fully satisfied with the advice and counsel you received from your attorney. |
| The Defendant: | Yes. |
| The Court: | Any complaints? |
| The Defendant: | No. |

. . .

| | |
|---|---|
| [AUSA]: | Section 8. Total agreement and affirmations. Paragraph 28. This plea agreement represents the total agreement between the defendant, Ella Anderson, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement |

4

|  | supersedes any other prior agreements, written or oral, entered into between the government and the defendant and it's signed by myself on behalf of the United States Attorney. |
|---|---|
|  | The last paragraph, I have read this agreement which consists of pages 1 through 13. I have had a full opportunity to discuss this agreement with my attorney, Frank Passafiume, Esquire. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will and it's signed by Ms. Anderson and Mr. Passafiume dated today. |
| The Court: | Now, ma'am, we've gone over the agreement in court. You indicated you understand it. You signed it indicating you understand it. Your attorney says he's gone over it with you. He's satisfied you understand it. Any questions, ma'am? |
| The Defendant: . . . | No. |
| The Court: | Now, ma'am, is anyone forcing you to plead guilty? |
| The Defendant: | No. |
| The Court: | Anyone threaten you in any way? |
| The Defendant: | No. |
| The Court: | Your willingness to plead guilty, you discussed it with Mr. Passafiume. He discussed it with the government. Based on those discussions, this plea agreement was prepared and that's how this all came about. |
| The Defendant: | Yes. |

Dkt. #97, pp. 2-3, 22-23, 26.

Statements at a plea allocution "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  "[U]nsupported allegations which merely contradict [a defendant's] earlier statements made under oath at his plea allocution" do not provide sufficient grounds for withdrawal of a guilty plea as involuntary. *United States v. Gonzalez*, 970 F.2d 1095, 1100–01 (2d Cir.1992); *see also United States v. Torres*, 129 F.3d 710, 715 (2d Cir.1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw [a] guilty plea.").

Here, Anderson's claim that she relied upon her attorney's suggestion that she would be accepted in the RDAP is belied by both her written plea agreement and her sworn statements at the time of her plea.  Given Anderson's statements under oath at that change of plea proceeding, and the presumption that those statements were true, her current claims are simply not credible, and her request for habeas corpus relief based upon an unknowing and involuntary plea is **DENIED**.

Additionally, the collateral attack waiver in Anderson's Plea Agreement further bars this motion. Because Anderson's plea was knowing and voluntary and because this Court sentenced Anderson to a term of 78 months imprisonment (*i.e.*, below the parties' calculated range of 97 to 121 months' imprisonment and the PSR's calculated range of 108 to 135 months' imprisonment), this Court's thorough inquiry into the defendant's understanding of the plea agreement, and the waiver contained in paragraph 19 of her plea agreement, ends the inquiry as to whether the waiver is

enforceable. *Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (per curiam) (affirming the district court's conclusion that a § 2255 petitioner's waiver of appeal and collateral attack rights was knowing and voluntary, even though "[t]he defendant was not asked about and did not specifically address the waiver" during the plea allocution); *see also United States v. Morales*, 407 Fed. Appx. 528, 531 (2d Cir. 2011) (summary order) (holding that knowing and voluntary waiver of appellate rights established where district court specifically called defendant's attention to that portion of the plea agreement); *United States v. Fisher*, 232 F.3d 301, 304 (2d Cir. 2000) ("Whether the waiver is enforceable depends on the nature of the waiver and the defendant's informed consent to it, as ascertained by the district judge at the time the plea is entered pursuant to the plea agreement in which the appellate waiver is set forth.")

### III.     Conclusion

For the reasons set forth above, Anderson's motion to vacate, set aside, or correct her sentence (Dkt. #93) is **DENIED**.  Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Anderson has not made a substantial showing of the denial of a constitutional right. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Anderson is advised that "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue

a certificate of appealability. Rule 11(b) of the Rules Governing Section 2255 Proceedings.

**IT IS SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
SENIOR U.S. DISTRICT JUDGE

Dated:  August 30, 2024
        Buffalo, New York.